**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2393
_____

CHITA ALIPERIO;
EMILE HERIVEAUX,
                              Appellants

v.

BANK OF AMERICA, N.A., Successor by Merger to BAC Home
Loans Servicing, LP  f/k/a Countrywide Homes Loans Servicing, LP:
COUNTRYWIDE HOME LOANS, INC;
KEARNY BANK, a/k/a Kearny Federal Savings Bank
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:16-cv-01008)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 25, 2019
Before:  CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed February 26, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In a lengthy pro se complaint, Chita Aliperio and Emile Heriveaux alleged that Bank of America, N.A. ("Bank of America"), Countrywide Home Loans, Inc. ("Countrywide"), and Kearney Bank ("Kearney") violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act. Essentially, Aliperio and Heriveaux sought to use the RICO Act to challenge several assignments of their mortgage note,[1] the use of their mortgage (or a duplicate thereof) in credit default swap ("CDS") contracts,[2] the collection of some payments

---

[1] According to Aliperio and Heriveaux, in March 2007, they executed a note for $650,000 secured by a mortgage on their residence to Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee for Fairmount Funding, LTD ("Fairmount"). Three times, in 2009, 2001, and again in March 2013, MERS filed assignments purporting to act as the nominee for lenders who had no relationship to the mortgage note. (To their complaint, Aliperio and Heriveaux attach state court opinions that describe these assignments as "invalid" and note Kearney's concession about their invalidity.) Later in 2013, MERS filed an assignment as the nominee for Fairmount to Bank of America, then another as the nominee for Bank of America to Kearney. Aliperio and Heriveaux contended that the assignments and a related transfer (or notice of a transfer) of the loan constituted crimes of robbery under New Jersey law.

[2] A CDS contract is type of bilateral contract used to mitigate or hedge risk related to, among other things, potential default of collaterized debt obligations, including those relating to mortgage notes. A protection buyer makes periodic payments to a protection seller in return for a contingent payment for the underlying asset on an event like a default. See generally Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y., 375 F.3d 168, 171-72 (2d Cir. 2004). It is a sort of "insurance" policy. See Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co., 582 F.3d 721, 724 (7th Cir. 2009) ("A credit-default swap . . . is a means to assure payment when contingencies come to pass . . . .") Aliperio and Heriveaux asserted that Bank of America made money when invalidly

2

toward the mortgage note,[3] and activities relating to foreclosure proceedings.[4] They also requested a declaration, under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), that their mortgage is unenforceable and that the defendants are not real parties in interest.

Kearney filed a motion to dismiss the complaint; Bank of America and Countrywide filed a similar joint motion. The District Court granted the motions and dismissed the complaint without prejudice to the filing of an amended complaint within 30 days. Within the 30-day period, instead of filing an amended complaint, Aliperio and Heriveaux filed a motion to challenge the District Court's ruling, claiming, inter alia, fraud on the court. The District Court denied that motion, and Aliperio and Heriveaux filed a timely notice of appeal.

---

assigned duplicates of their mortgage loan were considered in default.

[3] Aliperio and Heriveaux claimed that they paid $251,645.31in response to regular monthly loan statements and payment requests mailed from loan-servicing entities engaged by Countrywide and Kearney. They also made additional payments totaling $22,132 in response to notices of intention to foreclose sent by Countrywide, Kearney, and Bank of America. Aliperio and Heriveaux described the correspondence from the companies as "predicate acts of mail fraud." See, e.g. Complaint at ¶ 124.

[4] Aliperio and Heriveaux listed the notices of intention to foreclose that were sent to them between February 2011 and June 2013 and asserted that statements therein were false because the holder and owner of the note was not properly identified. They also describe filings and events in the foreclosure proceedings that Kearney initiated with the filing of a complaint in March 2014. Ultimately, Kearney sought to voluntarily dismiss the foreclosure proceedings. Aliperio and Heraveaux asserted that this occurred because Kearney was not able to produce the original note; in granting the request to voluntarily dismiss, the state court surmised that the note was lost or unavailable but made no such finding.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order granting the motions to dismiss. See AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006). Our review of the order denying Aliperio's and Heriveaux's subsequent motion is for abuse of discretion, although we consider relevant questions of law de novo. Cf. United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157, 1166 (9th Cir. 2017); Long v. Atl. City Police Dep't, 670 F.3d 436, 446-47 (3d Cir. 2002). Upon review, we will affirm the District Court's orders.

The District Court properly dismissed Aliperio's and Heriveaux's RICO claims.[5] The RICO Act provides a civil remedy for "any person injured in his business or property" because of a violation of the prohibition against, inter alia, racketeering activity and the collection of unlawful debts. 18 U.S.C. § 1964(c) (referring to violations of 18 U.S.C. § 1962). Allegations of actual monetary loss or "out-of-pocket loss" can satisfy the injury requirement of § 1964(c). Maio v. Aetna, Inc., 221 F.3d 472, 483 (3d Cir. 2000). Aliperio's and Heriveaux's allegations relating to injury come up short. As the District Court explained, the monthly payments they made, as well as the additional sums they submitted to satisfy arrearages, were consistent with the terms of the loan agreement into which they entered. Furthermore, they received credit for those payments (and corresponding equity

---

[5] Although Bank of America and Countrywide assert that Aliperio and Heriveaux waived any challenge to the District Court's rulings, we do not agree. In their 22-page brief on appeal, Aliperio and Heriveaux do not always focus on the exact bases for the District Court's rulings, but they communicate why they believe the District Court erred and what result they desire.

4

in their home).  Cf. Rajamin v. Deutsche Bank Nat'l Tr. Co., 757 F.3d 79, 85-86 (2d Cir. 2014) (concluding that plaintiffs who had never paid or been asked to pay more than they owed did not allege injuries sufficient for standing to bring claims related to the assignments of loans and mortgages).  In relation to the CDS contracts, Aliperio and Heriveaux alleged that Bank of America made financial gains through the use of their mortgage (or duplicates thereof); even if that is true, and regardless of the effect of CDS contracts on the financial market, see S. Rep. No. 111-176, at 29-30 (2010), Aliperio and Heriveaux did not allege that they suffered a concomitant loss.

Furthermore, even if Aliperio and Heriveaux could be said to have alleged a sufficient injury, they otherwise failed to state a claim.  See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) (explaining that, in relation to § 1962(c), a plaintiff can recover only to the extent that he or she has been injured in business or property by "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity"); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989) (explaining that a claim under § 1962(d) requires "an (1) agreement to commit the predicate acts of fraud, and (2) knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate section 1962(a), (b), or (c)"); see also Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient.") Aliperio and Heriveaux did not allege any actionable predicate acts or an agreement to

5

commit such acts in support of their RICO claims.  Under the circumstances alleged, the mailing of monthly mortgage statements and several notices of intention to foreclose did not constitute mail fraud, see 18 U.S.C. § 1341, and the assignments and transfer (or notice of transfer) of the mortgage did not equal robbery, see N.J.S.A. § 2C-15-1a.

Because Aliperio and Heriveaux failed to state a RICO Act claim, they were not entitled to declaratory or injunctive relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), based on the purported RICO Act violations.[6]  To the extent that they sought relief under state law, the District Court did not err by declining to exercise supplemental jurisdiction after concluding that any such claims could be entertained only though the exercise of supplemental jurisdiction.  See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 181 (3d Cir. 1999); see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950) (explaining that the Declaratory Judgment Act does not provide an independent source of jurisdiction); Complaint ¶¶ 4-6, 9.

For these reasons, the District Court properly dismissed Aliperio's and Heriveaux's complaint.  The District Court also properly denied their subsequent motion,

---

[6] We do not understand them to be making independent claims for relief based on alleged violations of a consent order and a consent judgment that they describe.  However, as non-parties (by their own admission) to the order and judgment, they cannot enforce their terms. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975) ("[A] well-settled line of authority … establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even [if] they were intended to be benefited by it.").

6

claiming, inter alia, fraud on the court. Aliperio and Heriveaux contended that counsel for one of the defendants "substituted two defendants, Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing LP ("BANA-BAC") and Countrywide Home Loans, Inc. ("Countrywide") by Bank of America, N.A. ("BANA") which is not a Defendant in this RICO Complaint." They asserted that the substitution led to the dismissal of their RICO action. They further claimed that another defendant participated in the substitution fraud.

As the District Court explained, it is unclear how the motion supported a claim for fraud when Aliperio and Heriveaux named Bank of America, N.A. and Countrywide as defendants. Complaint 3, ¶ 7; 4, ¶ 8. Furthermore, the District Court did not base its prior ruling on any substitution of defendants. Accordingly, we discern no error in the District Court's order denying their motion.[7]

For these reasons, we will affirm the District Court's orders.

---

[7] On appeal, in relation to this order, Aliperio and Heriveaux also imply that there is a problem with the District Court's decision because the District Court directed the Clerk to correct a docket entry relating to the motion (the motion was incorrectly associated with an order granting leave to file a sur-reply instead of the order granting the motions to dismiss). The District Court committed no error in this regard. To the extent that Aliperio and Heriveaux base their objection on the Clerk's failure to correct the docketing mistake, the failure had no effect on the resolution of their case.